HAYDEN & ALLEN v. C. M. DUNAWAY.

No. 746.

1. **Substitution of Lost Records—Motion Amendable.**—A motion to supply lost records under articles 1475 and 1476, Revised Statutes, may be amended, as there is no rule of law that would deny the right to amend such motion.

2. **Same—Sufficiency of Motion—Copies.**—The statutory requirement, that where certified copies can not be produced, substantial copies shall accompany such motion, is sufficiently complied with if the substantial parts are stated; and it is immaterial whether they are given in the body of the motion or separately.

3. **Same—Issues Involved.**—The question in such proceeding is simply one of substitution, and the plaintiffs, to entitle them to have the judgment and execution thus supplied, are only required to show their former existence, contents, and destruction, and questions as to the right of parties under the judgment will arise when effort is made to enforce it.

4. **Same—Jurisdiction After Judgment.**—By the rendition of final judgment the court does not lose jurisdiction of the cause or of the parties, but retains it for the purposes of enforcement, and to such enforcement the power to substitute the judgment when destroyed is essential.

5. **Same—Cumulative Remedies.**—Articles 1475 and 1476, Revised Statutes, give to the parties a proceeding by motion simple and expeditious. The proceeding under article 4287 is expressly made cumulative, and is given not only to the parties suit, but to any person having an interest in the lost deed, judgment, etc.

6. **Same—Limitations.**—The statute of limitation under such proceedings to substitute, would only begin to run upon the destruction of the record.

ERROR from the County Court of Grimes. Tried below before Hon. J. G. McDONALD, Jr.

·*Preston & Spencer*, for plaintiffs in error.—1. The court erred in sustaining defendant's first exception to plaintiffs' first amended original motion to substitute the destroyed judgment originally entered in this cause, in this: that said motion was in all things legally sufficient to admit proof that the judgment was, at the date mentioned in said motion, legally and properly entered in and by this court, and that since the date thereof the records of the court had been destroyed by fire.

2. The court erred in sustaining defendant's exceptions to the motion to strike out plaintiffs' trial amendment, in this: said trial amendment was filed under proper leave of the court, and cured any legal defects that were supposed to exist in the first amended original motion filed by plaintiffs.

*H. H. Boone*, for defendant in error.—1. This proceeding was instituted under articles 1475 and 1476 of the Revised Statutes, and the proceedings, if authorized by them, should have strictly conformed to the requirement of the statute. Plaintiffs' motions did not do so, and were insufficient.

2. The judgment sought to be substituted was barred by the ten years' limitation. Rev. Stats., art. 3210; Willis v. Stroud, 67 Texas, 516.

3. This proceeding was improperly commenced under articles 1475 and 1476, Revised Statutes, and could have been properly brought only under article 4287, and under this article, the proceeding was clearly barred by our statute of limitation of four years. Rev. Stats., arts. 3207, 4287; Phalen v. Wiley, 2 Willson's C. C., sec. 735.

WILLIAMS, ASSOCIATE JUSTICE.—Plaintiffs in error, on the 28th day of January, 1891, filed in the court below their motion to substitute a judgment, alleged to have been rendered in their favor against defendant in error, on the 18th day of March, 1880, and two executions issued upon it. The original motion and a supplemental motion, subsequently filed, are not in the record, and we can not see what their allegations were.

On the 2nd day of May, 1892, plaintiffs filed a first amended original motion, in which the rendition of the judgment, its date, amount, rate of interest which it bore, and the names of the parties to it were stated. Also the same particulars were stated as to the contents of the two execution. No copies were attached to the motion, and it was

alleged that certified copies could not be procured, but that the judgment and execution were in the usual and ordinary forms. The alleged date of the first writ was February 28, 1881, and of the second and last, January 21, 1891. The judgment and the first execution, as well as the execution docket, were alleged to have been destroyed by fire May 15, 1890. The last execution was alleged to have been lost after its return to the clerk.

Defendant appeared and excepted to the motion upon various grounds, one of which was its failure to give substantial copies of the records sought to be substituted. This was sustained, and leave was given to plaintiffs to file a trial amendment. A pleading, called a trial amendment, was filed, giving what are alleged to be substantial copies of the papers. The judgment is therein stated to have been for $514.10, to bear interest at the rate of 10 per cent; and the copy given of the first execution follows it accurately. The original of the second execution, however, was produced and attached to the motion, with the statement, that it had been found after the former plea was filed; and it described the judgment upon which it purported to have been issued as being for $442.10, to bear interest at the rate of 8 per cent.

Defendant filed exceptions and motion to strike out the trial amendment and dismiss the proceeding, which were sustained generally, and the suit dismissed. The points raised by these exceptions will appear in the course of the opinion.

The order sustaining the special exception to the first amended original motion was not final, and did not put an end to the proceeding. On the contrary, leave was given to plaintiffs to cure the supposed defect, by amending and supplying the copies called for. It was proper for the court to allow this to be done, and whether the rules of pleading prescribed by the Supreme Court for civil cases apply to such motions as this or not, we think it entirely immaterial.

There is no rule that would deny to a party the right to amend such a motion, and the naming of the amendment as a "trial amendment" would not destroy its substance. The course pursued in amending was both convenient and appropriate, whether prescribed by the rules or not. The exception, therefore, based upon the view that the order sustaining the exception ended the case, should have been overruled.

Indeed, it is our opinion that the motion first excepted to contained all that was essential to enable the court to substitute the documents. Formal instruments attached as copies to the motion would have supplied no substantial information not given in the motion itself. While the statute requires, that where certified copies can not be produced, substantial copies shall "accompany" the motion, we think it immaterial whether they are given in the body of the motion or separately; and only the substantial parts need be stated. This, it seems to us, was done. At any rate, when the trial amendment had been filed, there was no ground for further objection in this regard, but other questions presented themselves. It may be conceded that the last execution was

void, both because, at the time of its issuance, there was in existence no judgment to support it, and because it totally misdescribed the judgment which had been destroyed. Whether or not, in any view that could be taken, it was sufficient to suspend the running of the statute of limitations against the judgment, and what effect the burning of the judgment and the filing of a motion to substitute it, within ten years after the issuance and return of the first execution, would have upon limitation, are questions which do not arise in this proceeding. The question here is simply one of substitution, and plaintiffs, to entitle them to have the judgment and execution thus supplied, are only required to show their former existence, contents, and destruction.

Questions as to rights of parties under the judgment will arise when effort is made to enforce it, should it be substituted. The objections taken to the last execution furnish no reason for a refusal to substitute the judgment and the first writ.

It is finally urged, that this proceeding "was improperly commenced under articles 1475 and 1476, Revised Statutes," and could have been properly brought under article 4287, as a suit to supply the lost records. Article 1475 provides, that when "lost or destroyed, either before or after trial, the record and papers of a cause, or any part thereof," may be supplied by "either party," on motion, after three days' notice, etc.

This language is broad enough to embrace this proceeding to substitute part of a record in a cause by one of the parties to it. By the rendition of final judgment the court did not lose jurisdiction of the cause or of the parties, but retained it for the purposes of enforcement. To such enforcement the power to substitute the judgment when destroyed is essential, and this statute gives to the parties a proceeding simple and expeditious, by which the power may be invoked.

The proceeding provided in article 4287 is expressly made cumulative, and is given not only to parties to the suit, but to "any person having an interest in the lost deed, judgment," etc. It affords to persons other than parties to a suit a remedy by which to reproduce lost records in which they are interested, and while parties to suits may doubtless resort to that proceeding, it does not follow that they must do so. All other remedies are expressly reserved.

But no exception was taken in the court below because the proceeding was not instituted in vacation, and citation regularly served, as provided by article 4286. The parties were before the court with pleadings containing all the substantial elements of a petition under that statute, and, even if plaintiffs were bound to proceed under it, we do not see why relief could not be granted under it as the case now stands. The proceeding to substitute is not barred by limitation in either view, as the period would only begin to run upon the destruction of the record.

*Reversed and remanded.*

Delivered January 24, 1895.